# IN THE UNITED STATES DISTRICT COURT OF THE
# NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

ODESSA NELSON                                                               PLAINTIFF

VS.                                              CIVIL ACTION NO.: 4:10CV100-A-S

LIBERTY HEALTH AND
REHAB OF INDIANOLA, LLC, ET AL                                            DEFENDANTS

## ORDER

This matter is before the court on plaintiff's motion for leave to conduct discovery related to arbitration (#30). The plaintiff is seeking extensive discovery relating to the validity of an arbitration agreement signed on January 1, 2008, including but not limited to, deposing witnesses to the agreement, getting copies of employee time-cards, and interviewing the notary who signed the attesting witness affidavit. Plaintiff's requests are in an effort to verify that the signature on the arbitration agreement was in fact that of the plaintiff. However, the plaintiff has or should have access to material that can be used to verify the mark without costly or time-consuming discovery.

In *Bank One, N.A. v. Coates*, 125 F. Supp. 2d 819 (S.D. Miss 2001) the court denied discovery regarding the subject arbitration agreement relying on the Federal Arbitration Act. *Id*. at 829. Specifically, the court noted that motions to enforce arbitration should be expeditious, with restricted inquiry into factual issues bearing on the making of the arbitration agreement. *Id*. The court also noted that the information requested was already in the movant's possession. *Id*.

Additionally, in *Primerica Life Ins. Co. v. Brown* 304 F.3d 469 (5th Cir. 2002) the court held that under the Federal Arbitration Act, the district court's inquiry was limited to whether the arbitration clause between the parties covered the allegations at issue, and if it did, then the district court could not delve further into the merits of the dispute. The court went on to state that the Federal Arbitration Act does not permit the federal court to consider claims of fraud in the

inducement of the contract generally. *Id.* at 472.

Any discovery the plaintiff is requesting with regard to fraud in the inducement goes to the merits of the arbitration. *Primerica Life Ins. Co. v. Brown* 304 F.3d 469 (5th Cir. 2002). Additionally, the discovery requested is extensive in light of the Federal Arbitration Act which requires summary and speedy disposition of motions to enforce arbitration. Finally, the plaintiff should have access to information and documents that prove the validity of the arbitration agreement. Accordingly, after considering the motion and response, the court finds it is not well-taken.

IT IS, THEREFORE, ORDERED that the plaintiff's motion for discovery relating to arbitration is hereby DENIED.

SO ORDERED, this the 22nd day of November 2010.

/s/ David A. Sanders
UNITED STATES MAGISTRATE JUDGE