IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

ODESSA NELSON                                                                                         PLAINTIFF

V.                                                                              CAUSE NO.: 4:10CV100-SA-DAS

LIBERTY HEALTH AND REHAB
OF INDIANOLA, LLC, et al.                                                                        DEFENDANTS

MEMORANDUM OPINION

Plaintiff's Amended Complaint alleges claims against Defendants for negligence and gross negligence resulting from the undiagnosed and untreated gangrene infection which required the amputation of her lower left extremity. Defendants removed this case from the Circuit Court of Sunflower County on the bases of diversity and federal question jurisdiction. Plaintiff filed this Motion to Remand [14]. Plaintiff has since filed supplementation of that motion without the Court's approval; however, those materials have been considered by the Court as well.

*Remand Standard*

28 U.S.C. Section 1441 provides for the removal of civil actions brought in a state court of which the district courts have original jurisdiction. 28 U.S.C. § 1441. Section 1331 provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Section 1332 provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States . . . ." 28 U.S.C. § 1332.

The Fifth Circuit has consistently held that the party urging jurisdiction upon the district court bears the burden of demonstrating that the case is one which is properly before that Court.

See Jernigan v. Ashland Oil, Inc., 989 F.2d 812, 815 (5th Cir. 1993); Village Fair Shopping Co. v. Sam Broadhead Trust, 588 F.2d 431 (5th Cir. 1979); Ray v. Bird & Son and Asset Realization Co., Inc., 519 F.2d 1081 (5th Cir. 1975). Even though this court has a limited jurisdiction whose scope is defined by the constitution and by statute, "[w]hen a federal court is properly appealed to in a case over which it has, by law, jurisdiction, 'it has a duty to take such jurisdiction.'" England v. Louisiana Medical Examiners, 375 U.S. 411, 84 S. Ct. 461, 11 L. Ed. 2d 440 (1964) (other citations omitted). Chief Justice Marshall wrote in Cohens v. Virginia, 19 U.S. 264, 5 L. Ed. 257, 291 (1821), "It is true that this court will not take jurisdiction if it should not; but it is equally true, that it must take jurisdiction if it should."

*Improper Joinder*

Defendants contend that Plaintiff "fraudulently joined" Behrman Capital III L.P. in an effort to circumvent federal jurisdiction. "The burden of persuasion placed upon those who cry 'fraudulent joinder' is indeed a heavy one." B., Inc. v. Miller Brewing Co., 663 F.2d 545, 549 (5th Cir. 1981). "The removing party must show either that there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court; or that there has been outright fraud in the plaintiff's pleadings of jurisdictional facts." Id. at 549; (citing Keating v. Shell Chemical Co., 610 F.2d 328 (5th Cir. 1980); Tedder v. F.M.C. Corp., 590 F.2d 115 (5th Cir. 1979); Bobby Jones Garden Apts. v. Suleski, 391 F.2d 172 (5th Cir. 1968); Parks v. New York Times Co., 308 F.2d 474 (5th Cir. 1962) (*cert. denied*, 376 U.S. 949, 84 S. Ct. 964, 11 L. Ed. 2d 969 (1964))).

In this case, there is no allegation that Behrman is non-diverse, such that Behrman's dismissal would necessarily confer diversity jurisdiction. Thus, Defendants' "fraudulent joinder" arguments are misplaced and denied. Behrman has filed a Motion to Dismiss based on a lack of

2

personal jurisdiction which this Court will later address.

*Discussion and Analysis*

The Defendants and their deemed citizenship are not disputed. Liberty Health and Rehab of Indianola is a limited liability company organized in Delaware. Its sole member is Ark Mississippi Holding Company, LLC, another limited liability company organized in Delaware. Ark Mississippi Holding Company, LLC's sole member is Covenant Dove, LLC, a limited liability company organized in Delaware. Covenant Dove's sole member is Covenant Dove Holding Company, LLC, organized in Delaware. That entity's sole member is Ark Holding Company, Inc., which is incorporated in Delaware and has its principal place of business in Tennessee. Behrman Capital III L.P. is organized in Delaware and has its principal place of business in New York.

Plaintiff attempts to argue that Liberty Health and Rehab of Indianola, LLC, is a Mississippi resident because the principal place of business for that organization is in Mississippi. However, the Fifth Circuit holds that citizenship of an LLC is that of all its members. Harvey v. Grey Wolf Drilling Co., F.3d 1077, 1080 (5th Cir. 2008). Thus, Liberty Health and Rehab of Indianola, LLC, is a citizen of Delaware and Tennessee for purposes of Plaintiff's Motion to Remand. Thus, all parties are diverse in this action, and diversity does exist.

*Conclusion*

This Court has jurisdiction pursuant to 28 U.S.C. Section 1332 as all parties are diverse and the matter in controversy exceeds $75,000 in value. Accordingly, Plaintiff's Motion to Remand [14] is denied.

SO ORDERED, this the 24th day of January, 2011.

                                               **/s/ Sharion Aycock**
                                               **U.S. DISTRICT JUDGE**