IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

ODESSA NELSON                                                                                   PLAINTIFF

V.                                                                       CAUSE NO.: 4:10CV100-SA-DAS

LIBERTY HEALTH AND REHAB
OF INDIANOLA, LLC, et al.                                                              DEFENDANTS

MEMORANDUM OPINION

Odessa Nelson filed this suit against Liberty Health and Rehab of Indianola, LLC, and other defendants in the Circuit Court of Sunflower County. The cause of action was removed to federal court, and this Court has denied Plaintiff's Motion to Remand. Behrman Capital III L.P. now seeks dismissal of this suit against them as this Court has no personal jurisdiction over that entity. For the foregoing reasons, Behrman Capital III L.P.'s motion [9] is GRANTED.

*Discussion and Analysis*

When a district court rules on a motion to dismiss for lack of personal jurisdiction without an evidentiary hearing, the plaintiff must only make a prima facie case that jurisdiction is proper. Quick Techs., Inc. v. Sage Group, PLC, 313 F.3d 338, 343 (5th Cir. 2002). In determining whether a prima facie case for personal jurisdiction exists, a court must accept the uncontroverted allegations in the plaintiff's complaint as true, and all factual conflicts contained in the parties' affidavits must be resolved in favor of the plaintiff. Bullion v. Gillespie, 895 F.2d 213, 217 (5th Cir. 1990).

A federal court sitting in diversity may exercise personal jurisdiction only to the extent allowed a state court under applicable state law. Allred v. Moore & Peterson, 117 F.3d 278, 281 (5th Cir. 1997), *cert. denied*, 522 U.S. 1048, 118 S. Ct. 691, 139 L. Ed. 2d 637 (1998). "A state court or a federal court sitting in diversity may assert jurisdiction if: (1) the state's long-arm statute applies,

as interpreted by the state's courts; and (2) if due process is satisfied under the fourteenth amendment to the United States Constitution." Id. at 281 (quoting Cycles, Ltd. v. W. J. Digby, Inc., 889 F.2d 612, 616 (5th Cir. 1989)). However, if Mississippi law does not provide for the assertion of personal jurisdiction over the defendants, we need not consider the due process issue. Cycles, 889 F.2d at 616.

Mississippi's long-arm statute, which consists of three prongs - the contract prong, the tort prong, and the doing business prong, provides:

> Any nonresident . . . corporation not qualified under the Constitution and laws of this state as to doing business herein, who shall make a contract with a resident of this state to be performed in whole or in part by any party in this state, or who shall commit a tort in whole or in part in this state against a resident or nonresident of this state, or who shall do any business or perform any character of work or service in this state, shall by such act or acts be deemed to be doing business in Mississippi and shall thereby be subjected to the jurisdiction of the courts of this state.

Miss. Code Ann. § 13-3-57. Thus, in order to exercise jurisdiction over the defendants, the court must find that (1) the defendants entered into a contract with plaintiff to be performed in whole or in part in Mississippi; or (2) the defendants committed a tort, in whole or in part, against a plaintiff in Mississippi; or (3) the defendants were "doing business" in Mississippi. See Roxco, Ltd. v. Harris Specialty Chem., Inc., 133 F. Supp. 2d 911, 915 (S.D. Miss. 2000).

Here, Plaintiff and Defendants agree that in personam jurisdiction over Behrman Capital is only available under the "doing business" prong of the Mississippi long-arm statute. The general requirements for jurisdiction under the "doing business" prong of the Mississippi Long Arm Statute are that: "(1) the non-resident . . . must purposefully do some act or consummate a transaction in Mississippi; (2) the cause of action must either arise from or be connected with the act or transaction; and (3) the assumption of jurisdiction by Mississippi must not offend traditional notions of fair play

2

and substantial justice." Gross v. Chevrolet Country, Inc., 655 So. 2d 873, 877 (Miss. 1995) (citing Rittenhouse v. Mabry, 832 F.2d 1380, 1384 (5th Cir. 1987)).

Plaintiff attached several pages purportedly of Behrman Capital's website. These pages, Plaintiff asserts, prove that the entity engages in business activities in Mississippi. On the "Investments" page, Ark Holding Company is listed as a long term care facility representative of Behrman Capital's health care investments. Plaintiff cites lines including, "we are committed to providing counsel and leadership to entrepreneurs to help ensure success," and "actively assist [companies] in creating significant shareholding value," as evidence of Behrman Capital's intermingling with Liberty Health and Rehab.

Plaintiff contends that Behrman Capital has availed itself of the jurisdiction of this Court due to its position as shareholder in Ark Holding Company, Inc., the entity that is the sole member of Covenant Dove Holding Company, LLC, which is the sole member of Covenant Dove, LLC, which is the sole member of Ark Mississippi Holding Company, LLC, that is the sole member of Liberty Health and Rehab of Indianola, LLC. The Fifth Circuit has held that a foreign parent corporation is not subject to the jurisdiction of a forum state merely because its subsidiary is present or doing business there; the mere existence of a parent-subsidiary relationship is not sufficient to warrant the assertion of jurisdiction over the foreign parent. Hargrave v. Fibreboard Corp., 710 F.2d 1154, 1159 (5th Cir. 1983) (citing 2 J. Moore & J. Lucas, Moore's Federal Practice para. 4.25[6], at 4-272 (2d ed. 1982)). It has long been recognized, however, that in some circumstances a close relationship between a parent and its subsidiary may justify a finding that the parent "does business" in a jurisdiction through the local activities of its subsidiaries. See, e.g., Walker v. Newgent, 583 F.2d 163 167 (5th Cir. 1978); Prod. Promotions, Inc. v. Cousteau, 495 F.2d 483, 492 (5th Cir. 1974);

Turner v. Jack Tar Grand Bahama, Ltd., 353 F.2d 954, 956 (5th Cir.1965). The rationale for such an exercise of jurisdiction is that the parent corporation exerts such domination and control over its subsidiary "that they do not in reality constitute separate and distinct corporate entities but are one and the same corporation for purposes of jurisdiction." Hargrave, 710 F.2d at 1159 (citation omitted). Thus, as long as a parent and subsidiary maintain separate and distinct corporate entities, the presence of one in a forum state may not be attributed to the other. Cannon Manu. Co. v. Cudahy Packing Co., 267 U.S. 333, 335, 45 S. Ct. 250, 69 L. Ed. 634 (1925). Mark Visser, General Partner of Behrman Capital, swore by affidavit that Behrman Capital "does not own, operate or control Liberty Health & Rehab of Indianola." Moreover, Behrman Capital does not have operating control of Ark Holding Company; Ark Holding Company manages its own day-to-day business and operation decisions. Behrman Capital is separate and distinct from Ark Holding Company - the directors and executives of each company are independent, the entities file separate tax returns, there are separate bank accounts, accounting and payroll systems, insurance contracts, and budgets. Funds are not commingled between these two entities. Plaintiff has not proven any individualized contacts on the part of Behrman Capital, or that Behrman Capital directs the activities of Liberty Health and Rehab in any way. Thus, Plaintiff has not carried its burden that the Mississippi Long Arm Statute provides for personal jurisdiction over that entity under the "doing business" prong.

However, even if the Court assumes, for purposes of this motion, the Plaintiff has shown Behrman Capital was "doing business" in Mississippi for the exercise of personal jurisdiction over the Defendants, exercise of jurisdiction over that Defendant does not comport with due process. The general constitutional test for personal jurisdiction is well-established. A federal court sitting in diversity "may exercise personal jurisdiction over a nonresident defendant only so long as there exist

4

'minimum contacts' between the defendant and the forum state." World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 291, 100 S. Ct. 559, 62 L. Ed. 2d 490 (1980) (quoting Int'l Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S. Ct. 154, 90 L. Ed. 95 (1945)). The defendant's contacts with the forum state must also be such that maintenance of the suit "does not offend traditional notions of fair play and substantial justice." Int'l Shoe, 326 U.S. at 316, 66 S. Ct. 154. A defendant's contacts are sufficient if the defendant "purposefully avails itself of the privilege of conducting activities within the forum State." Hanson v. Denckla, 357 U.S. 235, 253, 78 S. Ct. 1228, 2 L. Ed. 2d 1283 (1958).

In its consideration of this standard, the Court's analysis depends upon whether the plaintiff seeks the exercise of personal jurisdiction in a suit unrelated to the defendant's contacts with the forum state or in a suit arising out of or related to the defendant's contacts with the forum. "General jurisdiction" is personal jurisdiction based on a defendant's contacts with the forum that are unrelated to the controversy. Helicopteros Nacionales de Colombia v. Hall, 466 U.S. 408, 104 S. Ct. 1868, 80 L. Ed. 2d 404 (1984). To exercise general jurisdiction, the court must determine whether "the contacts are sufficiently systematic and continuous as to support a reasonable exercise of jurisdiction." Stuart v. Spade, 772 F.2d 1185, 1191 (5th Cir. 1985) (citing Keeton v. Hustler Magazine, Inc., 465 U.S. 770, 104 S. Ct. 1473, 79 L. Ed. 2d 790 (1984)).

"Specific jurisdiction," however, is personal jurisdiction based on contacts with the forum state that are related to the particular controversy. Helicopteros, 466 U.S. at 414, 104 S. Ct. 1868. Even a single purposeful contact may in a proper case be sufficient to meet the requirement of minimum contacts when the cause of action arises from the contact. Micromedia v. Automated Broadcast Controls, 799 F.2d 230, 234 (5th Cir. 1984). To exercise specific jurisdiction, the Court

must examine the relationship among the defendants, the forum, and the litigation to determine whether maintaining the suit offends traditional notions of fair play and substantial justice. Shaffer v. Heitner, 433 U.S. 186, 204, 97 S. Ct. 2569, 53 L. Ed. 2d 683 (1977).

Here, there are no minimum contacts sufficient to warrant personal jurisdiction over Behrman Capital. Mark Visser noted that Behrman Capital is not qualified to do business in Mississippi, has not registered with the Secretary of State, and has not retained a registered agent in this State. Moreover, Behrman Capital does not have offices, bank accounts, phone numbers, leases, assets, or real property within Mississippi. Nor has Behrman Capital done any business or performed any character of work or service in Mississippi. Plaintiff has failed to put forth any instances or examples of Behrman Capital availing itself of this jurisdiction. Thus, exercising jurisdiction over them would not comport with traditional notions of fair play and substantial justice. See Cole, 567 F. Supp. at 1084 (where defendants were acting on behalf of a lawful corporation, jurisdiction could not, within the bounds of fair play and substantial justice, be asserted vicariously over the defendants individually).

Accordingly, Behrman Capital's Motion to Dismiss for Lack of Jurisdiction [9] is GRANTED.

*Conclusion*

This Court cannot exercise jurisdiction over Behrman Captial as Plaintiff has failed to prove that under the Mississippi Long Arm Statute or due process clause, this Court has jurisdiction over that defendant. Behrman Capital is DISMISSED as a party defendant.

SO ORDERED, this the 24th day of January, 2011.

                                    **/s/ Sharion Aycock**
                                    **U.S. DISTRICT JUDGE**